# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

**In re:**

**MARY ALICE QUINN,**                             Case No. 04-77009-A

        **Debtor.**                                Chapter 13

---

## MEMORANDUM OPINION AND ORDER

---

      This matter came before the Court on the Chapter 13 trustee's Motion for Allowance and Payment of Administrative Priority Expense and Reimbursement of Costs on behalf of the former Chapter 7 trustee. The debtor in this case filed for relief under Chapter 7 of the Bankruptcy Code and Donna Hall ("Hall") was appointed as the trustee; however, the debtor converted her case to one under Chapter 13 of the Code prior to Hall making any distributions. This Court must determine whether the former Chapter 7 trustee is entitled to any compensation for services she provided prior to the conversion of the case.

      This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On December 3, 2004, the debtor filed a petition for relief under Chapter 7 of the Code and Hall was appointed the trustee. On her Schedule B, the debtor listed among her personal property $11,316.00, which was described as the "remaining proceeds from [a] lawsuit against Monroe County ($32,409.80 received 6/2/04)." The debtor also listed the money with the same description on her Schedule C of exempt property.[1]

On February 11, 2005, Hall filed an Objection to Debtor's Claim of Exemptions as to the $11,000.00. Hall believed the exemption had been waived or lost as the money had been deposited and commingled with money belonging to Kathryn A. Knight.

On February 16, 2005, Hall filed Adversary Proceeding No. 05-7016 to Recover Money or Property on behalf of the debtor's bankruptcy estate, asking for the return of the entire $32,409.80. Hall's complaint argued that the money had been transferred to Knight with the intent to defraud creditors.

On February 25, 2005, the debtor moved to convert her case to one under Chapter 13 of the code, which was done by entry of an order on March 2, 2005. Frank J. Santoro was appointed trustee in the Chapter 13 case and filed the instant petition to award fees to Hall.

## CONCLUSIONS OF LAW

Many theories have been posited to support the compensation of a former Chapter 7 trustee after a conversion to Chapter 13. *See In re Silvus*, No. 04-51612, slip op. at 41 (Bankr.

---

[1] The debtor exempted $11,000.00 pursuant to Va. Code Ann. § 34-28.1, and $1.00 pursuant to § 34-4.

2

E.D. Va. August 26, 2005) (thoroughly discussing the "Multiple" or "Composite" Trustee Theory, the Strict Interpretation of Section 326 Theory, the Separate and Distinct Cases Theory, the Constructive Disbursement Theory, the Section 105 Theory, and the *Quantum Merit* Theory).[2]

### A. *Plain Language*

Trustee compensation is governed by § 330(a) of the code, and allowed as an administrative expense of the bankruptcy estate pursuant to § 503. 11 U.S.C. §§ 330(a), 03(b)(2) (2004). However, Congress did place limits on the amount of compensation a trustee may receive in a case. 11 U.S.C. § 326. Section 326 states a Chapter 7 trustee's compensation may not:

> exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

*Id.* § 326(a). When the statute is clear and unambiguous the plain language of the statute must be followed. *Silvus*, slip op. at 41. According to the plain language of the above-referenced statute, a Chapter 7 trustee is entitled to receive compensation *only after he has made a disbursement of funds*. *Id.* at 41.

Two exceptions exist to the plain language rule. First, can it be demonstrated that the result of applying the plain language is contrary to the intent of Congress in drafting the statute,

---

[2] The *Silvus* case actually involved four cases, *In re Silvus*, Case No. 04-51612; *In re Jurgensen*, Case No 04-51841; *In re Sanders*, Case No. 04-51549; and *In re Lee*, Case No. 04-52108.

3

and secondly, is the outcome so absurd that it shocks the conscience. *Id.* at 41-42. Finding either exception, however, is very rare. *Id.* at 42.

The *Silvus* court addressed this exact issue, and while the facts differ, the applicability of that ruling could not be clearer. In *Silvus*, the Chapter 7 trustee was disputing the listed values of the debtors' real property, but before the properties could be sold allowing the trustee to make any distributions, the debtors converted their cases to ones under Chapter 13. That court found that without the trustee making a distribution, the plain language of § 326 did not allow for his compensation.

In the instant case, while the trustee was disputing an entirely different issue, the key fact remains that she did not make any distribution prior to the case converting to a Chapter 13. This Court follows the reasoning in *Silvus*, finding that the language of § 326 is clear and unambiguous and, therefore, a plain language reading must be applied. Such a reading does not allow a Chapter 7 trustee to be compensated if she has not many any distributions. Accordingly, Hall is not entitled to any compensation for her services.

Additionally, the Court finds that neither exception to the plain language reading is invoked; the reading does not conflict with any other part of the Bankruptcy Code, nor does it produce an absurd result. As discussed in *Silvus*, applying the plain language reading of § 326(a) is bolstered rather than contradicted by the remaining part of that section, and that the standard is absurd rather than "" "unreasonable," or even "quite unreasonable." "" *Silvus*, slip op. at 42.[3]

**B. Quantum Meruit**

---

[3] See *Silvus* for a full analysis of both exceptions. This Court feels it is judicially inefficient to re-analyze the reasoning, when it has been done so well by Judge St. John.

4

Santoro bases his argument for Hall's compensation on the theory of *quantum meruit*. The *Silvus* court addressed that theory, but did not adopt it given the facts of the involved cases. After careful review this Court is compelled by the reasoning of the *Silvus* court and adopts its rationale and findings in denying compensation based on *quantum meruit*.

In *Silvus*, Judge St. John clearly explained the traditional framework for *quantum meruit* being based upon implied contract and a reasonable expectation of payment. *Id.* at 46. He correctly found that there was no implied contract regarding the trustee's performance of his duties as they are statutorily prescribed, and that the trustee could not reasonably expect payment if he did not make any disbursements given the plain language of § 326. *Id.* at 47. Judge St. John did note that *quantum meruit* might be a viable theory on which to base compensation for a former Chapter 7 trustee, but only when "the trustee has uncovered undisclosed assets." *Id.* at 47-48. In *Silvus*, the court found that the trustee had not discovered assets, but rather argued over the values of properties already disclosed by the debtors. *Id.*

Likewise, in this case Hall did not discover or uncover assets; she merely investigated an asset that was completely disclosed twice on the debtor's schedules, which was her duty as the trustee. Additionally, any action Hall undertook for the purposes of recovering money she thought rightfully belong to the estate was also required of her as the trustee. Therefore, Hall does not qualify for compensation under the *quantum meruit* theory.

This Court agrees with Judge St. John that this result is unfair and unpopular, but that it is within Congress' legislative authority alone to change.

5

## CONCLUSION

Based on the foregoing facts and legal conclusions:

1. Hall is not entitled to receive any compensation for her services as the Chapter 7 trustee under a plain language reading of § 326.

2. Hall is not entitled to receive any compensation for her services as the Chapter 7 trustee under a theory of *quantum meruit*.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 2, 2005

/s/ David H. Adams
DAVID H. ADAMS
United States Bankruptcy Judge

Copies to:
Donna Hall, Former Chapter 7 Trustee
Frank Santoro, Chapter 13 Trustee
Juanita Merritt, Esq.

NOTICE OF JUDGEMENT OR ORDER
Entered on Docket
**SEP - 2 2005**

6